UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| WALLI MUJAHIDH, | CASE NO. C19-1852JLR |
|---|---|
| Petitioner, | ORDER DENYING MOTION TO VACATE SENTENCE |
| v. | PURSUANT TO 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.  INTRODUCTION

Before the court is Petitioner Walli Mujahidh's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Mot. (Dkt. # 1).) The court has reviewed Mr. Mujahidh's motion, all submissions filed in support of the motion, Respondent United States of America's ("the Government") response (Resp. (Dkt. # 5)), the relevant portions of the

//

//

//

record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Mujahidh's motion.

## II. BACKGROUND

The grand jury returned an indictment on July 7, 2011, charging Mr. Mujahidh and a co-defendant with four criminal counts related to their plot to attack a military recruiting office in Seattle. (*See* CR11-0228JLR Indictment (Dkt. # 18); Resp. at 2.) Mr. Mujahidh then entered a guilty plea on December 8, 2011, to three of the four counts: conspiracy to murder officers and employees of the United States, conspiracy to use weapons of mass destruction, and unlawful possession of a firearm. (*See* CR11-0228JLR Plea Agreement (Dkt. # 45) ¶ 1; *see also* Resp. at 2.) In exchange for these pleas, the Government agreed to dismiss the count charging Mr. Mujahidh with possession of firearms in furtherance of crimes of violence, which carried with it a mandatory minimum of 30 years in prison. (*See* Resp. at 2 (citing 18 U.S.C. § 924(c)(1)(B)(ii)); CR11-0228JLR Plea Agreement ¶ 11.) The court then sentenced Mr. Mujahidh to 204 months for the conspiracy counts and 120 months for unlawful possession of a firearm, to run concurrently. (*See* CR11-0228JLR Judgment (Dkt. # 235) at 2; *see also* Resp. at 2.)

On November 14, 2019, Mr. Mujahidh filed a motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Mot.) Mr. Mujahidh's motion raises one claim. (*See id.* at 4.)

---

[1] No evidentiary hearing is required in this case because "the files and records . . . conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Furthermore, neither Mr. Mujahidh nor the Government request an evidentiary hearing. (*See generally* Mot.; *see also* Resp. at 1 ("The [G]overnment submits that there is no need for an evidentiary hearing.").)

Mr. Mujahidh seeks to vacate his conviction of unlawful possession of a firearm. (*See generally id.*; *see* Resp. at 1.) Mr. Mujahidh did not file a direct appeal and has not previously filed a 28 U.S.C. § 2255 motion. (*See generally* CR11-2281JLR Dkt.; *see also* Resp. at 3.)

### III. ANALYSIS

Mr. Mujahidh seeks to vacate only his conviction and sentence for unlawful possession of a firearm. (*See generally* Mot.) Mr. Mujahidh claims that he is "actually innocent" of this charge in light of the Supreme Court's recent decision in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that in a prosecution for unlawful possession of a firearm under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and at the time of that possession "he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Yet, as Mr. Mujahidh correctly points out, because the Government filed his indictment and his plea agreement before the Supreme Court's decision in Rehaif, neither of these documents address the issue of Mr. Mujahidh's knowledge of his status as a felon and thus within a category of persons barred from possessing a firearm. (*See generally* Mot.) However, the court need not reach the issue raised in Mr. Mujahidh's motion because, as discussed below, his claim is procedurally defaulted.[2]

---

[2] In its response to Mr. Mujahidh's motion, the Government "acknowledges that *Rehaif* is retroactive on collateral review," and therefore concedes that Mr. Mujahidh's motion "was timely filed within the one-year limitations period that begins on 'the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to

### A. Standard

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). If a "defendant fails to raise an issue before the trial court, or presents the claim and then abandons it, and fails to include it on direct appeal" the issue is procedurally defaulted and may not be raised in a 28 U.S.C. § 2255 motion "except under unusual circumstances." *Thorson v. United States*, No. C18-136RSM, 2019 WL 3767132, *6 (W.D. Wash. Aug. 9, 2019) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). A defendant can overcome procedural default and have the court consider the merits of his 28 U.S.C. § 2255 claim in two ways: (1) by demonstrating both sufficient cause for the default and actual prejudice resulting from it; or (2) by demonstrating that he is actually innocent of the offense. *Bousley*, 523 U.S. at 622; *see United States v. Frady*, 456 U.S. 152, 167 (1982).

Mr. Mujahidh did not raise his claim on direct appeal. (*See* Resp. at 5; Mot. at 2.) As such, Mr. Mujahidh procedurally defaulted on his claim and the court may only

//

//

---

cases on collateral review.'" (Resp. at 4 (quoting *Dodd v. United States*, 545 U.S. 353, 357-58 (2005) ("What Congress has said in [28 U.S.C. § 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court.")).) Although the Ninth Circuit has not ruled on the issue, numerous other courts have held that *Rehaif* is not retroactively applicable on collateral review. *See Barela v. United States*, Nos. 19-cv-0868 KWR-JFR & 13-cr-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. Jan. 31, 2020) (citing cases and stating that "courts have uniformly held that *Rehaif* is not retroactively applicable on collateral review"). Because the court denies Mr. Mujahidh's motion on grounds of procedural default, and because the Government concedes the issue here, the court need not consider the retroactivity of *Rehaif* in the context of this case.

review it collaterally if the court finds both cause and prejudice or actual innocence. *See Bousley*, 523 U.S. at 622.

**B. Cause and Prejudice**

Mr. Mujahidh has not overcome his procedural default by demonstrating cause and prejudice. Mr. Mujahidh makes no serious effort to establish "cause" for failing to raise the *Rahaif* issue at trial or on direct appeal. (*See generally* Mot.) A defendant can demonstrate cause sufficient to excuse a default if he can show that an "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Such an objective factor may be a "factual or legal basis for a claim [that] was not reasonably available to counsel." *Murray*, 477 U.S. at 488.

The only possible argument that Mr. Mujahidh could raise in this regard is to rely on the futility doctrine—in other words, that there was no reason for him to raise the *Rehaif* issue because the Ninth Circuit had previously rejected it. However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). Instead, "a claim that is 'so novel that its legal basis is not reasonably available to counsel' may constitute cause." *Id.* at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).[3]

---

[3] Previously, this court found sufficient cause to overcome default when at the time of "sentencing the Supreme Court had twice rejected a constitutional challenge" to the same issue. *See Carpio v. United States*, 218 F. Supp. 3d 1182, 1195 (W.D. Wash. 2016). In Mr. Mujahidh's case, however, the Supreme Court had not previously considered the issue of a defendant's

The issue in *Rehaif* –whether the scienter requirement applied to a defendant's status under 18 U.S.C. § 922(g) and § 924(a)(2)—was not "so novel" at the time of Mr. Mujahidh's plea and sentencing so as not to have been available to his counsel. *See* 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2); *Bousley*, 523 U.S. at 622. Although the Ninth Circuit previously rejected this claim, *see United States v. Kafka*, 222 F.3d 1129, 1131 (9th Cir. 2000), as the Supreme Court has clarified, this fact alone does not render the claim futile, *see Bousley*, 523 U.S. at 622. Indeed, the issue was litigated in federal courts across jurisdictions for many years prior to Mr. Mujahidh's indictment and guilty plea. *See United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across circuits examining whether the government needed to prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v. Bryant*, Nos. 11 CR 765 (RJD) & 16 CV 3423 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years.") (collecting cases); *United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) ("[O]ther defendants ha[ve] litigated the issue of whether a defendant's knowledge of his status was a required element for a conviction under § 922(g)."). Thus, Mr. Mujahidh has failed to demonstrate that the legal basis for his *Rehaif* claim was not reasonably available to his trial counsel at the time of his plea. *See Bousl*ey, 523 U.S. at 622. Because Mr. Mujahidh did not have cause to excuse his

//

---

knowledge of his status in a conviction under 18 U.S.C. § 922(g). *See Rehaif*, 139 S. Ct. at 2199 ("This Court had not considered the matter.").

procedural default, he cannot overcome it. *See United States v. Frady*, 456 U.S. at 168 (holding that a defendant must show both cause and actual prejudice).

The Government also argues that Mr. Mujahidh cannot establish prejudice because the sentence at issue is the shortest of the concurrent sentences the court imposed.[4] (*See* Resp. at 5-6.) The concept the Government advances is known as "the concurrent sentence doctrine." This doctrine "provides the court with discretion not to reach the merits of a claim attacking fewer than all multiple concurrent sentences if success on the claim would not have any collateral consequences or change the term of imprisonment." *United States v. Beckham*, 202 F. Supp. 3d 1197, 1201 (E.D. Wash. 2016) (citing *Benton v. Maryland*, 395 U.S. 784 (1969)). However, the Government's argument, that Mr. Mujahidh faces no prejudice because the sentence he seeks to vacate is the shortest of multiple concurrent sentences was explicitly rejected by the Ninth Circuit more than 35 years ago. *See United States v. DeBright*, 730 F.2d 1255, 1260 (9th Cir. 1984) ("We reject the use of the concurrent sentence doctrine as a discretionary means of avoiding the review of criminal convictions."); *see also United States v. Brooks*, 772 F.3d 1161, 1172, n.6 (9th Cir. 2014). In rejecting the concurrent sentence doctrine, the Ninth Circuit

//

---

[4] In support of this argument, the Government relies upon *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010), to argue that since the court imposed independent sentences for the different counts in this case "an unaffected sentence need not be vacated even if other sentences are found defective." (*See* Resp. at 6.) However, *Evans-Martinez* deals with the sentencing package doctrine, *see* 611 F.3d at 645, which "provides the district court with the authority to conduct a full resentencing and put together a new sentencing package to provide a renewed assessment of the punishment the defendant deserves for the crimes that remain following a successful Section 2255 Motion," *United States v. Troiano*, No. CR 05-00261 HG-01, 2017 WL 6061530, at *4 (D. Haw. Dec. 7, 2017), *aff'd*, 918 F.3d 1082 (9th Cir. 2019). Thus, it is not relevant to the issue of prejudice.

expressed "serious doubts . . . about [its] ability to ascertain all the adverse collateral legal consequences of unreviewed convictions." *DeBright*, 730 F.2d at 1258.[5]

Despite the Government's failure to demonstrate that Mr. Mujahidh did not suffer "prejudice," the court is satisfied—as discussed above—the Mr. Mujahidh cannot demonstrate "cause." Thus, because Mr. Mujahidh fails to demonstrate both "cause" and 'prejudice," he fails to overcome his procedural default on this basis.

### C. Actual Innocence

Mr. Mujahidh likewise cannot overcome his procedural default by a showing of actual innocence. "In cases where the Government has foregone more serious charges in the course of plea bargaining, [the] petitioner's showing of actual innocence must also extend to those [more serious] charges." *Bousley*, 523 U.S. at 624; *see also Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014). The Government in this case agreed to dismiss a count charging Mr. Mujahidh with possession of firearms in furtherance of crimes of violence in exchange for his guilty plea. (*See* Resp. at 2; CR11-0228JLR Plea Agreement ¶ 11.) The dismissed charge carried a "mandatory minimum term of 30 years in prison" that Mr. Mujahidh would potentially have faced had he not agreed to plead guilty and instead gone to trial. (*See* Resp. at 2.) Mr. Mujahidh has not argued that he is

//

//

---

[5] The Government failed to cite this controlling Ninth Circuit authority to the court. (*See generally* Resp.) Although the Government may wish to advance arguments that the Ninth Circuit previously rejected in hopes of obtaining even higher review, it may not do so without apprising this court of that contrary, controlling authority. The court warns counsel that repeating such conduct may warrant sanctions.

actually innocent of this more serious offense, and as such cannot establish actual innocence sufficient to overcome his procedural default.

**D.   Certificate of Appealability**

Finally, the court declines to issue a certificate of appealability. A habeas petitioner can appeal the denial of a 28 U.S.C. § 2255 petition only after obtaining a "certificate of appealability." 28 U.S.C. § 2253(c); *see generally United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997). Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Fed. R. § 2255 Proc. 11. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted); *see Hanson v. Mahoney*, 433 F.3d 1107, 1112 (9th Cir. 2006).

Here, Mr. Mujahidh has not made a substantial showing of the denial of a constitutional right. The court is not persuaded that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented are adequate to deserve encouragement to proceed further. The court therefore DECLINES to issue a certificate of appealability.

//

## IV. CONCLUSION

For the reasons stated above, the court DENIES Mr. Mujahidh's motion (Dkt. # 1). The court also DECLINES to issue a certificate of appealabilty.

Dated this 23rd day of March, 2020.

JAMES L. ROBART
United States District Judge